**Dismissed in Part, Affirmed in Part, and Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00007-CV

## STEPHEN D. FOX, Appellant

### V.

## MIRNA A. ALBERTO, Appellee

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2009-54595**

# O P I N I O N

A litigant in a suit affecting the parent-child relationship filed two motions to recuse the trial court judge. The litigant asserts various arguments as to why the presiding judge of the Second Administrative Judicial Region erred in denying these motions. We dismiss in part and affirm in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellant Stephen D. Fox and appellee Mirna A. Alberto are the parents of twin boys.  Fox filed suit in the trial court below to establish his paternity and for an adjudication of his parental rights to the boys.  According to a written motion to recuse Judge Judy Warne, the presiding judge of the trial court below, at about the time of a scheduled hearing in this case on May 2, 2012, but before the hearing began, Judge Warne ordered the bailiff to take Fox's cellphone from him while Fox was in the courtroom of the 257th Judicial District Court.  After Fox refused to give up his cellphone, Judge Warne allegedly ordered the bailiff to place Fox in a jail cell located on the sixth floor of the Family Law Center.  The bailiff purportedly placed Fox in this cell.  Various other events allegedly occurred.  Fox returned to the courtroom about twenty minutes later.

According to Fox, before the scheduled hearing began, Fox demanded that a record be made of the hearing, but Judge Warne stated that no record would be made because it was a temporary-orders hearing.  The trial court proceeded with the hearing.  When Fox was called to testify as a witness, he presented a handwritten, one-sentence motion to recuse Judge Warne, who then stopped the proceedings. This motion read in its entirety: "Comes now, Petitioner, Stephen D. Fox, and makes this demand for the immediate recusation [sic] of Judge Judy Warne from the above entitled and numbered cause." (hereinafter the "First Motion").  Judge Warne referred the First Motion to Judge Olen Underwood, the presiding judge of the Second Administrative Judicial Region.  Judge Underwood summarily denied the First Motion for noncompliance with Texas Rule of Civil Procedure 18a, which governs the recusal and disqualification of judges.  *See* Tex. R. Civ. P. 18a(g)(1), (g)(3).  Judge Underwood stated in his order that the First Motion did not comply with Rule 18a because (1) the motion was not verified; (2)

2

the motion did not state any ground listed in Rule 18b; and (3) the First Motion did not satisfy the requirement that a motion to recuse must state with detail and particularity facts that: (A) are within the affiant's personal knowledge, except that facts may be stated on information and belief if the basis for that belief is specifically stated; (B) would be admissible in evidence; and (C) if proven, would be sufficient to justify recusal or disqualification. *See* Tex. R. Civ. P. 18a(a), (g). After Judge Underwood denied the First Motion, Fox filed an objection to Judge Underwood ruling on this motion.

The day after Fox filed the First Motion and less than two hours before Judge Underwood denied this motion, Fox filed a "supplemental" motion to recuse Judge Warne, which Judge Warne also referred to Judge Underwood. In his appellate briefing, Fox often treats the supplemental motion to recuse and the First Motion as if they were part of a single motion to recuse. We conclude that the supplemental motion to recuse is a separate motion to recuse (hereinafter, the "Second Motion"). Judge Underwood assigned himself to the trial court and held a hearing on the Second Motion. Though Judge Underwood heard argument, he did not allow Fox to present evidence at the hearing. Judge Underwood denied the Second Motion.

The case proceeded to trial by jury. The jury determined that both Fox and Alberto should be joint managing conservators of the boys and awarded Alberto the right to designate the primary residence of the children. The trial court ordered Fox to pay child support.

## II. ISSUES AND ANALYSIS

### A. Interference-with-Custody and Contempt Claims

In his second issue, Fox asserts that the trial court erred in refusing to allow

him to pursue claims for interference with child custody and contempt at the jury trial. In support of this issue, Fox states merely that he had pled these matters well in advance of trial and that these pleadings were not stricken. To the extent Fox's issue is a complaint about the trial court's failure to hold Alberto in contempt, we lack jurisdiction to consider this complaint on direct appeal, and we dismiss this part of the issue. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *Dorsey v. Houston Housing Authority*, 14-10-00165-CV, 2011 WL 398022, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, no pet.) (mem. op) (holding that appellate courts lack jurisdiction on direct appeal to review a trial court's refusal to hold an individual in contempt). To the extent Fox asserts arguments other than the trial court erred in refusing to hold Alberto in contempt, these arguments have not been adequately briefed. *See San Saba Energy, L.P.*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Even construing his appellate brief liberally, we cannot conclude that the briefing of this issue comports with the briefing rules and requirements. *See id.* Because the remainder of the second issue is inadequately briefed, we overrule it. *See id.*

## B. Motions to Recuse Trial Court Judge

### 1. The First Motion

Under his first issue, Fox asserts that the trial court erred in denying his motion to recuse. As noted, Fox often treats the First Motion and Second Motion as if they were a single motion, and parts of his briefing are unclear. Liberally construing Fox's appellate brief, we conclude that he challenges Judge Underwood's denial of the First Motion on the ground that Judge Underwood lacked jurisdiction to sign the order denying the First Motion because Judge Underwood signed this order in Conroe, rather than in Houston, the county seat of

4

Harris County.[1]

Fox asserts that Judge Underwood lacked jurisdiction to summarily deny the First Motion because Judge Underwood issued the summary denial from his office at the Montgomery County Courthouse located in Conroe. The Texas Constitution provides that the court shall conduct its proceedings at the county seat of the county in which each case is pending, except as otherwise provided by law. Tex. Const. art. V. § 7. Neither the mental processes of a judge nor the task of signing orders on motions is a proceeding that must occur from the county seat. *See Whatley v. Walker*, 302 S.W.3d 314, 325 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Burns v. Bishop*, 48 S.W.3d 459, 465 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Judge Underwood's action in summarily denying the First Motion did not constitute a proceeding under article V, section 7 of the Texas Constitution that needed to be carried out from the county seat. *See Whatley*, 302 S.W.3d at 325 (holding that action of judge assigned to hear a motion to recuse in signing an order denying the motion was not a proceeding required to be carried out from in the county seat). Judge Underwood's action in considering the First Motion and signing an order denying it in Conroe does not make that order void or deprive Judge Underwood of jurisdiction to rule on that motion. *See id.* Thus, we

---

[1] Fox also states in a conclusory manner (1) Judge Underwood denied the First Motion without notice or hearing; (2) it was unconstitutional for Judge Underwood to deny the First Motion without notice to any of the parties or a hearing; and (3) "[a] quick assignment immediately followed by an instant denial, without notice or a hearing, violates Appellant's due process rights to notice and a reasonable opportunity to be heard, an opportunity to marshal the facts and law in his favor to present to the court, and the §74.053(c) right to make a timely Objection to the Assigned Judge." But, Fox has not provided any analysis, citations to the record, or citation to legal authorities in support of any of these assertions. Even construing Fox's appellate brief liberally, we cannot conclude that he has adequately briefed any argument in support of these assertions. *See San Saba Energy, L.P.*, 171 S.W.3d at 337. Therefore, we find briefing waiver. *See id.*

conclude that there is no merit in the only appellate challenge to the denial of the First Motion that Fox has sufficiently briefed.

## 2. The Second Motion

Fox asserts that Judge Underwood erred in refusing to allow appellant to present any evidence at the hearing on the Second Motion. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to the record. *See* Tex. R. App. P. 38.1(i). We must interpret this requirement reasonably and liberally. *See Mojtahedi v. BHV Realty, Inc.*, No. 14-05-01101-CV, 2007 WL 763813, at *4 (Tex. App.—Houston [14th Dist.] Mar. 15, 2007, no pet.) (mem. op.). However, parties asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support their contentions. *See id.* Though Fox states several times in a conclusory manner that Judge Underwood refused to allow him to present any evidence at the hearing on the Second Motion, Fox does not present argument or analysis in support of an argument that Judge Underwood erred in doing so. Fox does not cite any legal authorities addressing a judge's alleged error in refusing to allow presentation of evidence at a recusal hearing or at any other hearing. Fox does not cite legal authorities as to whether an offer of proof is necessary in the context of such a complaint. Fox's appellate briefing regarding this complaint is not sufficient to articulate a clear and concise argument in support of his contention that Judge Underwood erred in refusing to allow Fox to present any evidence at the hearing on the Second Motion. *See id.* Because Fox's briefing in this regard is inadequate, he has waived review of this complaint. *See id.*

Liberally construing Fox's appellate brief, we conclude that he has sufficiently briefed the following challenges to Judge Underwood's denial of the Second Motion: (1) Judge Underwood erred in ruling on the Second Motion

6

despite Fox's timely filed objection to Judge Underwood under section 74.053(c) of the Texas Government Code, which objection was brought to the attention of Judge Underwood and discussed at the recusal hearing;[2] and (2) Judge Underwood erred in denying the Second Motion because Judge Warne allegedly engaged in unethical behavior and consistently denied Fox's due process rights, thus allegedly showing her extreme bias and prejudice against Fox and warranting her recusal.

### a. Objection to Judge Underwood Hearing the Motion

Fox argues that Judge Underwood erred in ruling on the Second Motion despite Fox's timely filed objection under section 74.053(c) of the Texas Government Code to Judge Underwood. *See* Tex. Govt. Code Ann. § 74.053(c) (West, Westlaw through 2013 3d C.S.). But, Fox objected only to Judge Underwood considering the First Motion; Fox did not object to Judge Underwood ruling on the Second Motion. Even presuming for the sake of argument that Fox timely filed a written objection under section 74.053(c) of the Texas Government Code to Judge Underwood considering and ruling on the Second Motion, at the hearing, Judge Underwood asked Fox to clarify his objection in the following exchange:

> [The Court]: You objected to me hearing a motion to recuse?
>
> [Fox]: On your May 3rd assignment, but not the May 8th assignment, which I made clear the last time we were here. Not on this assignment, not on your most recent assignment. Simply on the May 3rd assignment.
>
> [The Court]: Did I grant that objection?
>
> [Fox]: No.
>
> [The Court]: Did I rule on it?

---

[2] Fox filed his objection after Judge Underwood denied the First Motion, and there was no oral hearing before Judge Underwood denied the First Motion. We construe this argument as addressed only to the trial court's denial of the Second Motion.

[Fox]: You didn't rule on it.

[The Court]: An objection you made to me?

[Fox]: But it wasn't that important because it's simply a technicality. We want you to hear this hearing based on your May 8th assignment, but the May 3rd assignment, all we're asking is it doesn't count as one of the three.

. . .

[The Court]: You've got me confused. You made an objection to me sitting as a visiting judge to hear this matter on May 3rd and I didn't rule on that?

[Fox]: No. Because you have two assignments. You have one dated May 3rd and the second one dated May 8th. We don't object to the May 8th assignment.

We conclude that Fox waived any written objection he may have made under section 74.053(c) of the Texas Government Code to Judge Underwood considering and ruling on the Second Motion. *See In re Approximately $17,239.00*, 129 S.W.3d 167, 168 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (objection waived where judge was unaware of objection filed seven days before hearing and hearing was "underway for some time" before party who appeared at hearing finally mentioned objection); *Chandler v. Chandler*, 991 S.W.2d 367, 383 (Tex. App.—El Paso 1999, pet. denied). (concluding that objection was waived where plaintiff's attorney initially sent letter to visiting judge indicating judge might have bias against him but then agreed to judge presiding over one cause number and raised no objection when judge presided over hearing on all cause numbers).

**b. Denial of the Second Motion**

Fox asserts that Judge Underwood erred in denying the Second Motion because Judge Warne allegedly engaged in unethical behavior and consistently

8

denied Fox's due process rights, thus allegedly showing her extreme bias and prejudice against Fox and warranting her recusal. Judge Underwood stated at the end of the recusal hearing that, even if everything in Fox's motion to recuse (which includes an affidavit from Fox) and everything that Fox said at the recusal hearing were true, there still would be no basis for recusing Judge Warne. We review the denial of the Second Motion for an abuse of discretion. *See* Tex. R. Civ. P. 18a(j); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

The parties have not cited and research has not revealed any case from the Supreme Court of Texas regarding the legal standard that applies when a party moves for recusal of a judge based on the judge's alleged bias, prejudice, or partiality. This court has adopted the legal standard articulated in the majority opinion in *Litekey v. United States*. *See* 510 U.S. 540, 542–56, 114 S. Ct. 1147, 1150–58, 127 L.Ed.2d 474 (1994); *Samson v. Ghadially*, No. 14-12-00522-CV, 2013 WL 4477863, at *5 (Tex. App.—Houston [14th Dist.] Aug. 20, 2013, no pet.) (mem. op.); *Sommers*, 20 S.W.3d at 41; *Ludlow v. DeBerry*, 959 S.W.2d 265, 271, 282–83 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Under this standard, if a party seeks recusal of a judge based on the judge's alleged bias, prejudice, or partiality and if that party does not show that the alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings, then the judge may not be recused unless the judge has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible.[3] *See Litekey*, 510 U.S.

---

[3] Fox cites a federal habeas-corpus case and asserts that if a judge's bias causes the denial of a party's right to due process or due course of law, then the party is entitled to have a motion to recuse the judge granted. *See Mendez v. Quarterman*, 625 F.Supp.2d 415, 422–26 (S.D. Tex. 2009). Even if this case supported Fox's assertion, we are bound by prior precedent of this court to apply the *Litekey* legal standard. *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283.

at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283. A bias, prejudice, or partiality arising from events occurring outside of judicial proceedings arises from an "extrajudicial source." *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44.

In the Second Motion, Fox moved to recuse Judge Warne based on what Fox claimed was her extreme bias and prejudice against Fox. We presume for the sake of argument the truth of all the factual assertions made by Fox in his motion to recuse and attached affidavit and in his arguments at the recusal hearing and that Judge Warne engaged in all the conduct alleged by Fox. Even under these presumptions, Fox has not shown that Judge Warne's alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings. *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44. In his motion to recuse, including Fox's attached affidavit, Fox asserts that, at about 1:30 p.m. on May 2, 2012, before the hearing regarding the temporary orders began, the following events, among others, occurred:

- Judge Warne ordered the bailiff to take Fox's cellphone from him while Fox was in the courtroom of the 257th Judicial District Court.
- Fox refused to give up his cellphone.
- Judge Warne then ordered the bailiff to place Fox in a jail cell located on the sixth floor of the Family Law Center.
- The bailiff began dragging Fox off to the jail cell, and Fox shouted that he demanded his right as a licensed attorney to be released on his own recognizance and for a hearing before a different judge.
- Judge Warne denied that demand.
- While in the jail cell, Fox learned that Manuel Barrera, Alberto's attorney, while in full view of Judge Warne, had stolen motions and orders that Fox intended to file that day from a file folder Fox had left in the courtroom when he was taken to the jail cell.

10

- After Fox spent about twenty minutes in the jail cell, the bailiff came with many sheriff's deputies and escorted Fox back to the courtroom, allegedly in an intimidating and threatening manner.

- When Fox was back in the courtroom, he saw the documents that he had left in the courtroom under a stack of Barrera's documents.

- Fox took these documents back from Barrera and stated that Barrera had stolen Fox's documents.

- Judge Warne heard and saw this exchange and did nothing.

- The motions and orders that Fox had brought were filed with the trial court.

- Before the hearing in Fox's case began, Fox demanded that a record be made of the hearing, but Judge Warne stated that no record would be made because it was a temporary-orders hearing.

On appeal, Fox refers to these matters as "extrajudicial source" events. Fox also states several times in a conclusory manner that court was not in session when these events allegedly occurred. In his motion to recuse and his statements at the recusal hearing, Fox asserted that these events occurred before the hearing in his case started, but Fox did not assert that the events occurred when the court was not in session. On the contrary, Fox stated in his motion to recuse that these events occurred "in open court," which means that the court was in session. *See* BLACK'S LAW DICTIONARY 1123 (8th ed. 2004) (defining "open court" as "A court that is in session . . ."). The alleged events described in Fox's motion to recuse show that Judge Warne and Fox were in the courtroom of the trial court when these events began, and, at all times, Judge Warne was acting in her capacity as presiding judge of that court.

To the extent Fox argues that Judge Warne's alleged bias, prejudice, or partiality arose from an extrajudicial source because court was not in session at the time of these events, Fox failed to preserve error in the trial court regarding this contention. *See In re Estate of Gibbons*, —S.W.3d—,—, 2014 WL 5591141, at *7

11

(Tex. App.—Houston [14th Dist.] Nov. 4, 2014, no pet. h.). To the extent Fox argues that Judge Warne's alleged bias, prejudice, or partiality arose from an extrajudicial source because these events occurred before the temporary-orders hearing started, we conclude that this argument lacks merit. Though this court does not appear to have addressed such an argument before, the Supreme Court of the United States has equated "extrajudicial source" with events occurring outside of judicial proceedings, even if these judicial proceedings were not in the case under review. *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58. The *Litekey* court concluded that events occurring in the trial of a prior criminal case did not occur outside of judicial proceedings and were not an extrajudicial source. *See id.* This court has adopted the *Litekey* legal standard. *Sommers*, 20 S.W.3d at 41; *Ludlow*, 959 S.W.2d at 271, 282–83. We conclude that, even if the alleged events did not occur in a judicial proceeding in the case under review, they still occurred in the course of a judicial proceeding. *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58. Therefore, Judge Underwood did not err by impliedly determining that Fox had not shown that Judge Warne's alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings. *See id.*; *Sommers*, 20 S.W.3d at 41, 44.

When a movant for recusal has failed to make such a showing, the judge may not be recused unless the judge has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283. We presume for the sake of argument the truth of all the factual assertions made by Fox in his motion to recuse and attached affidavit and in his arguments at the recusal hearing and that Judge Warne engaged

12

in all the conduct alleged by Fox.[4]   Under these presumptions and after having carefully considered all of these matters and the alleged conduct of Judge Warne, we conclude Judge Underwood did not err by impliedly determining that Judge Warne did not display a deep-seated favoritism or antagonism that would make fair judgment impossible.[5]   *See Litekey*, 510 U.S. at 550–51, 555–56, 114 S. Ct. at 1155, 1157–58; *Sommers*, 20 S.W.3d at 41, 44; *Ludlow*, 959 S.W.2d at 271, 283. Judge Underwood did not err in denying Fox's Second Motion.  Having addressed all of Fox's contentions under his first issue, we overrule that issue.

## C. Child Support

Fox's argument under his third issue, in its entirety is "[t]he Trial Court erred in its calculation of child support by failing to deduct the $1,500 that [Fox] is already ordered to pay by the Caldwell County District Court from his gross earnings before beginning those calculations."  Fox does not explain how the trial court calculated his child-support obligation, nor does Fox make any argument as

---

[4] Though we indulge these presumptions, we take no position as to whether these events actually occurred.  To the extent these alleged events actually occurred, our analysis and opinion in this case should not be construed as an approval of any of this conduct.

[5] The reporter's record from the recusal hearing reflects that Fox gave a memorandum of law to Judge Underwood during the hearing.  That memorandum is not contained in the appellate record.  On appeal, Fox asks this court to take judicial notice of this memorandum, which he asserts is attached to a petition for permissive appeal that Fox filed in another case in this court. Presuming for the sake of argument that this court could take judicial notice of the memorandum of law which Fox attached to this petition, that document is not part of a reporter's record or clerk's record, and there is no indication in that document itself that it was filed in the trial court in this case.  With limited exceptions not relevant to the case under review, an appellate court may not consider matters outside the appellate record. *See Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *overruled in part on other grounds by*, *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).  The attachment of documents as exhibits or appendices to documents filed by a party in an appellate court is not formal inclusion in the record on appeal and, therefore, such documents cannot be considered. *See id.*   The memorandum of law is not in our appellate record, and even if we were to take judicial notice of the filings in another case in our court, this action would not allow us to consider the memorandum of law because the document is not in a clerk's record or reporter's record in that case. *See id.*

to what the correct child-support calculation should have been. Fox has not provided any analysis, citations to the record, or citation to legal authorities. Even construing Fox's appellate brief liberally, we cannot conclude that he has adequately briefed his third issue. *See San Saba Energy, L.P.*, 171 S.W.3d at 337. Finding briefing waiver, we overrule Fox's third issue. *See id.*

## III. CONCLUSION

To the extent Fox complains about the trial court's failure to hold Alberto in contempt, we lack jurisdiction to consider this complaint on direct appeal, and we dismiss this part of the appeal. Except to this extent, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
          Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.