

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00421-CV
_____

IN RE ESTATE OF GARY MARK MCQUIGG, DECEASED

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CI-15B-024, Honorable Roland D. Saul, Presiding

October 20, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Steven Holmes filed an application to probate a will purporting to be the act of the decedent, Gary Mark McQuigg, dated April 26, 2013. The trial court conducted a bench trial and, following the receipt of testimony, denied the application to admit the will to probate and entered a final declaratory judgment declaring that the purported will was a product of fraud. Holmes gave notice of appeal and subsequently filed a motion for new trial, and an amended motion for new trial, contending that he had newly-discovered evidence. After conducting a hearing on Holmes's motion for new trial, the trial court denied the same. Holmes now appeals, contending that the newly-discovered evidence, a Texas driver's license and social security card issued in the name of the

decedent, was sufficient to entitle him to a new trial. Further, Holmes contends that the newly-discovered evidence was sufficient evidence to demonstrate that the April 26, 2013 document was the last will and testament of the decedent. Disagreeing with Holmes, we will affirm the judgment denying the application and granting the declaratory judgment.

## Factual and Procedural Background

McQuigg died on May 7, 2013. Following his death, an application for letters of administration was filed, followed by an application to probate the will dated April 26, 2013, and then followed by an application to probate a will dated August 21, 2001. After the filing of the application for letters of administration and the application to probate the competing wills, the case was transferred from the County Court of Deaf Smith County to the 222nd District Court of Deaf Smith County. All causes of action involving the decedent's estate were consolidated into one cause of action. All of the various applications were contested by the other applicants.

After mediation was ordered, the applicant for letters of administration withdrew her application and her opposition to the probate of the August 21, 2001 will. Likewise, the opposition to the 2001 will was withdrawn by one of the other contestants. The result was that the trial was held on the application by Holmes for probate of the April 26, 2013 will; the application for probate of the August 21, 2001 will; and the declaratory judgment action seeking a declaration that the April 26, 2013 will was the product of fraud.

Trial was held before the court, without a jury, on October 14, 2015. At that trial, only the application submitted by Holmes to probate the 2013 will was tried. On

2

October 20, 2015, the trial court severed the various causes and entered two orders and a declaratory judgment. The trial court entered a declaratory judgment finding that the 2013 will was fraudulent, invalid, contained forged signatures, and could not be admitted to probate. Holmes filed a motion for new trial and an amended motion for new trial.

The trial court held a hearing on Holmes's new trial motion. After hearing the evidence and argument of counsel, the trial court denied the motion. The trial court's order denied any relief requested by Holmes and left standing the order admitting the 2001 will to probate, denying the probate of the 2013 will, and granting the declaratory judgment. It is from this order that Holmes appeals.

After Holmes filed his notice of appeal, this Court admonished Holmes in a letter dated April 5, 2016, that the reporter's record had not been requested or payment made for the same. We further advised Holmes that "the Court will only consider and decide those issues or points raised that do not require a reporter's record." To date, no reporter's record has been provided to the Court.

Holmes contends that there is newly-discovered evidence that entitles him to a new trial and, further, that the evidence establishes that the April 26, 2013 will is, in fact, the last will and testament of the decedent. Disagreeing with Holmes for the reasons set forth below, we will affirm the judgment of the trial court in denying the motion for new trial.

## Standard of Review and Applicable Law

We review a trial court's refusal to grant a motion for new trial under an abuse of discretion standard. *See Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner without reference to any guiding rules and principles. *See K-Mart Corp. v. Honeycutt,* 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

"A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted." *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex. 2010). The mere allegation of newly-discovered evidence will not suffice to require the granting of a new trial; rather, the movant must introduce admissible evidence at the hearing on the motion for new trial establishing all of the requisite elements for newly-discovered evidence. *See Bell v. Showa Denko K.K.,* 899 S.W.2d 749, 757 (Tex. App.—Amarillo 1995, writ denied).

## Analysis

We begin our analysis with the reminder that Holmes did not request that the court reporter prepare and file a record of the testimony at the motion for new trial hearing. This is an immediate problem for Holmes; for without a record before us, we cannot ascertain whether sufficient evidence was presented to prove the elements of a motion for new trial on the grounds of newly-discovered evidence. *See Waffle House, Inc.,* 313 S.W.3d at 813. Likewise, all we are left with are the allegations contained in

4

Holmes's brief, and this is not sufficient to carry his burden. *See Bell,* 899 S.W.2d at 757. Accordingly, we cannot find that the trial court abused its discretion in denying Holmes's motion for new trial. *See Dolgencorp of Tex.,* 288 S.W.3d at 926. We therefore overrule both of Holmes's issues presented in this appeal.

In an effort to try to overcome the shortcomings outlined above, Holmes attached an appendix to his brief. The appendix contains the purported deposition of R.C. Hoelscher and matters related to that deposition. Hoelscher was Holmes's original attorney and the original applicant to probate the April 26, 2013 will. Holmes's brief alleges that this deposition testimony proves the matters averred to in the brief regarding the newly-discovered evidence. However, there is a significant problem to our consideration of this information. Hoelscher's deposition appears nowhere in the appellate record before this Court. We may not consider matters that are not contained in the appellate record of the case before the Court. *See Fox v. Alberto,* 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Therefore, we will not consider the deposition attached in the appendix of Holmes's brief.

## Conclusion

Having overruled each of Holmes's issues on appeal, we affirm the judgment entered by the trial court.[1]

Mackey K. Hancock
Justice

---

[1]Pending before the Court is the request by the appellees to sanction Holmes for filing a frivolous appeal. *See* TEX. R. APP. P. 45. The decision to impose sanctions is left to the sound discretion of the Court. *See Lane-Valente Indus, Inc. v. J.P. Morgan Chase, N.A.,* 468 S.W.3d 200, 207 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We decline to exercise that discretion and deny the request for sanctions.

5