**Affirmed and Memorandum Opinion filed March 5, 2020.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-18-00460-CV

**TIMOTHY HARRINGTON, Appellant**

**V.**

**HAWTHORNE-MIDWAY PALMS, LLC; THOMAS AND HOWARD PALMS, LLC; AND COLUMBIA PALMS, LLC, Appellees**

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 16-CV-1365**

## M E M O R A N D U M   O P I N I O N

A homeowner, unhappy with the installation of a dog park in the apartment complex adjacent to his home, brought suit against the complex's owners, asserting claims of nuisance, trespass, and negligence. The trial court granted summary judgment in favor of the apartment-complex owners. On appeal, the homeowner challenges this ruling and the trial court's denial of his motion for new trial. The

homeowner also complains about a discovery issue and asserts the trial court deprived him of due process of law. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Timothy Harrington owns residential property in League City, Texas. In 2011, appellee/defendant Hawthorne-Midway Palms LLC began to manage the apartment complex adjacent to Harrington's property. Three years later Hawthorne-Midway, together with appellees/defendants Thomas and Howard Palms, LLC and Columbia Palms, LLC (collectively, the "Palms Parties") bought the apartment complex. The following year the Palms Parties installed a dog-recreation area or dog park at the apartment complex. Harrington became troubled by the dog park and began complaining about it, first to the Palms Parties and then to the City of League City. Harrington also voiced complaints to individual residents of the apartment complex. As time passed, Harrington grew increasingly upset about the dog park. He sent emails. He made police reports. And, eventually, he brought a lawsuit in the trial court below against the Palms Parties, seeking to recover actual and exemplary damages based on claims of nuisance, trespass, and negligence.

Each of the Palms Parties individually answered Harrington's claims and each asserted the statute of limitations, among other defenses. After the parties conducted discovery, each of the Palms Parties individually filed traditional and no-evidence motions for summary judgment on all of Harrington's claims.

*Summary Judgments*

Following an oral hearing on the summary-judgment motions, the trial court granted summary judgment in favor of Hawthorne-Midway Palms LLC on all of Harrington's claims. A few months later the trial court granted the other two Palms Parties' summary-judgment motions on all of Harrington's claims. The trial court

2

signed individual summary-judgment orders but did not specify the grounds on which it based the summary judgments in any of the orders.

*Motion for New Trial*

Harrington filed a motion for new trial. At the oral hearing on that motion, Harrington asserted that the trial court had denied him due process of law at the summary-judgment hearing. He complained that the court reporter had not made a record of the summary-judgment hearing. He also claimed he was not able to give a full presentation to the court on his response to the motions for summary judgment, citing, among other things, courtroom conditions. Harrington complained of the noise and activity level in the courtroom on the day of the summary-judgment hearing. He complained that books and papers at counsel table covered the space he might have placed a projector for a slide presentation, though Harrington acknowledged that at the time he did not ask that the space be cleared so that he could use it for that purpose. Harrington also complained that he wanted to show a PowerPoint presentation at the summary-judgment hearing but the trial court would not permit him to do so. The trial court denied the motion for new trial.

## II. ISSUES AND ANALYSIS

In seventeen appellate issues, Harrington challenges the trial court's rulings on the summary-judgment motions and motion for new trial. He also asserts the trial court denied him due process of law and complains about discovery.

### A. Summary Judgments

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary

judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

When, as in this case, the trial court does not specify in its order the grounds upon which the trial court relied in granting summary judgment, we must affirm the trial court's ruling if any of the independent summary-judgment grounds is meritorious. *See FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000). In this circumstance, Harrington, as the appellant, must challenge all possible grounds on which the motions could have been granted, properly or improperly. *See FinServ Cas. Corp. v. Transamerica Life Ins. Co.*, 523 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Failure to do so can be fatal to the appellate challenge. Though Harrington submitted an opening brief on appeal, he did not present appellate argument challenging all grounds on which the summary-judgment motions could have been granted.

*Nuisance Claim*

Each of the Palms Parties asserted the following grounds in support of their individual motions for summary-judgment on the nuisance claim:

(1) The applicable statute of limitations barred the claim;

(2) Harrington had no evidence of damages;

4

(3) Harrington's damages were not recoverable under Texas law; and

(4) The dog park was not a nuisance as a matter of law under the Supreme Court of Texas's recent opinion in *Crosstex NorthTexas Pipeline v. Gardiner*, 505 S.W.3d 580 (Tex. 2016).

Even though the trial court granted the Palms Parties' motions without specifying the grounds, on appeal, Harrington has not challenged the grounds listed under (2), (3), or (4), above.

*Trespass Claim*

Each of the Palms Parties moved for summary judgment as to Harrington's trespass claim on the following separate and independent grounds:

(1) The applicable statute of limitations barred the claim;

(2) Harrington had no evidence of damages;

(3) Harrington's damages were not recoverable under Texas law; and

(4) Harrington had no evidence of a trespass.

Harrington has not addressed, much less challenged, any of these grounds on appeal.

*Negligence Claim*

Each of the Palms Parties individually moved for summary judgment on the negligence claim on the following grounds:

(1) The applicable statute of limitations barred the claim;

(2) Harrington had no evidence of damages;

(3) Harrington's damages were not recoverable under Texas law; and

(4) The Palms Parties did not owe Harrington a legal duty.

Harrington has not addressed any of these grounds in his appellate brief.

Even construing Harrington's appellate brief liberally, we cannot conclude that he has presented arguments challenging each of the independent grounds on

5

which the trial court impliedly granted summary judgment in favor of each of the Palms Parties as to Harrington's nuisance, trespass, and negligence claims. *See Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Given Harrington's failure to challenge all grounds on appeal, he loses by default. *See FinServ Cas. Corp.*, 523 S.W.3d at 139. So, we overrule Harrington's appellate challenges to the final summary judgment.

## B. Denial-of-Due-Process-of-Law Arguments

Harrington claims that the trial court denied him due process of law at the hearing on the motions for summary judgment because (1) the court reporter did not record the hearing; (2) books and papers covering a courtroom table prevented Harrington from making his presentation; (3) lawyers were talking and moving around the courtroom during the hearing; and (4) the trial court did not let Harrington show his PowerPoint presentation.

### *Lack of Reporter's Record of the Summary-Judgment Hearing*

To the extent Harrington complains about the lack of a reporter's record of the summary-judgment hearing, his appellate briefing fails to meet the standards set forth in the Texas Rules of Appellate Procedure as he has not offered any analysis or citations to legal authorities to support this challenge. *See* Tex. R. App. P. 38.1(i). Even construing Harrington's appellate brief liberally, we cannot conclude that he adequately briefed any argument in support of the assertion that the trial court denied him due process of law because the court reporter did not record the summary-judgment hearing. *See San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Fox v. Alberto*, 455 S.W.3d 659, 663, n.1 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Therefore, we find briefing waiver. *See San Saba Energy, L.P.,* 171 S.W.3d at 337; *Fox*, 455 S.W.3d at 663, n.1. We overrule his complaint as to lack of a court reporter at the summary-judgment hearing.

6

*Courtroom Conditions at Summary-Judgment Hearing*

As to Harrington's assertions that the trial court denied him due process of law at the summary-judgment hearing because (1) books and papers covering a courtroom table prevented Harrington from making his presentation; and (2) lawyers were talking and moving around the courtroom during the hearing, Harrington has not offered any analysis or citations to legal authorities to support these assertions.  *See* Tex. R. App. P. 38.1(i).  Even construing Harrington's appellate brief liberally, we cannot conclude that he adequately briefed any argument in support of these assertions. *See San Saba Energy, L.P.,* 171 S.W.3d at 337; *Fox*, 455 S.W.3d at 663, n.1. Therefore, we find briefing waiver. *See San Saba Energy, L.P.,* 171 S.W.3d at 337; *Fox*, 455 S.W.3d at 663, n.1.

*Denial of Permission to Show PowerPoint Presentation*

As part of his due-process argument Harrington complains that the trial court did not let him show a PowerPoint presentation at the summary-judgment hearing. Nothing in the appellate record shows that appellant ever asserted this complaint in the trial court or that the trial court ever ruled on any such complaint. So, appellant has not preserved his denial-of-PowerPoint-presentation argument for appellate review. *See* Tex. R. App. P. 33.1(a); *Levy v. CACH, L.L.C.*, No. 14-12-00905-CV, 2013 WL 6237273, at *4 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, pet. denied) (mem. op.) (holding party waived due-process claim by failing to object in trial court).  Even if appellant had preserved error, he could not prevail on appeal because appellant has failed to provide any argument, analysis or citations to legal authorities to support his due-process contention as to the trial court's alleged refusal to allow Harrington to show a PowerPoint presentation. *See* Tex. R. App. P. 38.1(i). Even construing Harrington's appellate brief liberally, we cannot conclude that he adequately briefed any argument in support of this point. *See San Saba Energy, L.P.,* 171 S.W.3d at 337; *Fox*, 455 S.W.3d at 663, n.1. Therefore, we find

briefing waiver. *See San Saba Energy, L.P.,* 171 S.W.3d at 337; *Fox*, 455 S.W.3d at 663, n.1.

## C. Discovery Complaint

Harrington asserts that one or more of the Palms Parties did not provide timely verifications of the second and third sets of interrogatories he propounded and that the trial court ignored his "motion to compel interrogatories." To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. Tex. R. App. P. 33.1(a). The failure to obtain an adverse ruling in the trial court operates as a waiver of review of the alleged error on appeal. *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 351 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). The record contains no ruling on Harrington's motion to compel. Without an adverse ruling, Harrington did not preserve his complaint for appellate review.

## III. CONCLUSION

We overrule all of Harrington's issues and affirm the trial court's judgment.


/s/ Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Spain and Poissant.