**Reversed and Remanded and Memorandum Opinion filed January 25, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00770-CV

---

### NITI PROPERTIES LLC, Appellant

### V.

### JAMES P. ARTHUR, MARY ARTHUR AND ALL OTHER OCCUPANTS, Appellees

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1152397**

---

### MEMORANDUM OPINION

In this forcible-entry-and-detainer action appellant Niti Properties challenges a judgment entered in favor of appellees James and Mary Arthur and all occupants of 7639 Beechnut St., Houston, Texas 77074. In two issues Niti Properties asserts (1) the trial court erred in determining the foreclosure was in violation of a restraining order; and (2) the trial court's award of possession to appellees was against the great weight and preponderance of the evidence. We conclude the trial

court did not have jurisdiction to consider whether the foreclosure was wrongful and that the trial court erred in awarding possession to the Arthurs. We therefore reverse the trial court's judgment and remand for proceedings consistent with this opinion.

As evidenced by a deed of trust executed on February 16, 2006, appellees, the Arthurs in the name of Arthur Holdings, purchased the property located at 7639 Beechnut, Houston, Texas (the Property). To finance the purchase, the Arthurs borrowed $1,225,000 from Blackburne & Brown Mortgage Fund I.

On November 5, 2019, Blackburne & Brown, the note-holder, foreclosed and sold the property to appellant Niti Properties at a trustee's sale. Niti Properties acquired title to the Property pursuant to a Substitute Trustee's Deed executed November 27, 2019.

Thereafter, Niti Properties provided notice to the Arthurs to vacate the property. In response to those efforts, the Arthurs sought and obtained a temporary restraining order in a separate proceeding in Harris County District Court, which sought to enforce an agreed judgment entered in yet another matter involving the same property. *See generally Paradise Living, Inc. v. Blackburne & Brown Mortgage Fund I*, No. 01-18-00194-CV, 2019 WL 2426168, at *1-3 (Tex. App.—Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.) (recounting several years of litigation and a settlement agreement leading to an agreed judgment between the Arthurs and Blackburne). The TRO ordered Blackburne to refrain from foreclosure, eviction, or other action affecting the occupancy of the Property.

The Arthurs failed to vacate the Property, and Niti Properties filed its forcible detainer petition in justice court. Pursuant to section 3.22 of the deed of trust Niti

Properties asserted a superior right to possession of the property.[1] The justice court rendered judgment in favor of Niti Properties, and the Arthurs appealed to the county court at law. *See* Tex. Civ. Prac. & Rem. Code § 51.001 (permitting a party to a final judgment in justice court to appeal to the county court at law).

In the county court at law Niti Properties filed a motion for summary judgment in which it alleged it established as a matter of law its right to immediate possession of the Property superior to that of the Arthurs. Niti Properties attached as evidence: (1) the deed of trust; (2) notice to vacate; and (3) the substitute trustee's deed. Niti Properties also attached the affidavit of Cheyenne Jancaric, the eviction clerk for Niti Properties' attorney who stated that she was the custodian of the records attached to the motion. The Arthurs responded to the motion for summary judgment alleging they were not tenants at sufferance and asserting that the foreclosure was wrongful because it was in violation of the district court's TRO. Attached to the response was the affidavit of James Arthur and a copy of the TRO. Arthur averred, inter alia, that Niti Properties wrongly relied on the deed of trust because there was "no deed of trust in place." The county court at law granted Niti Properties' motion for summary judgment.

The county court at law subsequently held a hearing on the Arthurs' motion to reconsider a protective order granted by the court on June 5, 2020. During the hearing, no evidence was presented, but the Arthurs' attorney argued that the foreclosure sale at which Niti Properties purchased the property was invalid because it was in violation of the district court's TRO. Niti Properties' attorney argued that

---

[1] Section 3.22 provides: <u>Possession After Sale.</u> If the Property is sold pursuant to this Article, Grantor or any person holding possession of the Property through Grantor shall immediately surrender possession of the Property to the purchaser at such sale upon the purchaser's written demand. If possession is not surrendered upon the purchaser's written demand, Grantor or such person shall be a tenant at sufferance and may be removed by writ of possession or by an action for forcible entry and detainer.

the TRO was invalid. At the conclusion of the hearing, the county court at law withdrew its order granting summary judgment. The county court at law subsequently signed an amended final judgment awarding possession of the property to the Arthurs. In its judgment, the court entered the following findings of fact:

> 1.     The Court finds that on November 5, 2019, prior to the Plaintiff's purchase of the property located at 7639 Beechnut Street, Houston, Texas 77074 (Property), the Hon. Judge of the 281st Judicial District Court of Harris County, Texas (Hon. Judge Lauren Reeder) had issued an Amended Temporary Restraining Order (TRO), restraining the foreclosure of said Property
>
> 2.     The Court finds that Plaintiff has admitted in its Response to Defendant's Request for Admission (RFA) No. 1 that it purchased the Property at the restrained foreclosure sale on November 5, 2019, while the Amended TRO was valid and in effect.
>
> 3.     The Court finds that because of the Amended TRO of FoF No. 1 and of Plaintiff's Admission in FoF No. 2, that on November 5, 2019, Defendants had superior possession to the Property.

Niti Properties appealed to this court from the amended final judgment of the county court at law.

## ANALYSIS

Niti Properties raises two issues, which both challenge the propriety of the trial court's order awarding possession to the Arthurs.

## I.     Applicable Law

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2015, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of the property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Accordingly, the only issue in a forcible detainer action is the right to actual

4

possession and not title. Tex. R. Civ. P. 510.3(e); *see also Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). To prevail in a forcible detainer action, Niti Properties was not required to prove title but was only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

## II. Defects in the foreclosure process are not relevant to possession when, as here, the parties to be evicted are subject to a tenant-at-sufferance clause in the deed of trust.

To prevail and obtain possession in their forcible-detainer action, the law requires Niti Properties to show: (1) the substitute trustee conveyed the property by deed to Niti Properties after the foreclosure sale; (2) the deed of trust signed by the Arthurs established a landlord-tenant relationship between the Arthurs and Niti Properties; (3) Niti Properties gave proper notice to the Arthurs to vacate the premises; and (4) the Arthurs refused to vacate the premises. *U.S. Bank Nat'l Assoc. v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *see* Tex. Prop. Code §§ 24.002(a)(2), (b), 24.005.

Here, Niti Properties attached to its summary judgment motion (1) the substitute trustee's deed; (2) the deed of trust establishing a tenancy at sufferance; and (3) proper notice to vacate the property. It is undisputed that the Arthurs refused to vacate the property. Whether the foreclosure was conducted in violation of the TRO does not bear on the question of superior right to possession. As our sister court explained:

> A plaintiff in a forcible detainer action is not required to prove title, but is only required to show sufficient evidence of ownership to

5

demonstrate a superior right to immediate possession. Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession.

*****

The deed of trust makes Bierwirth a tenant at sufferance in the event of foreclosure if she fails to surrender possession of the property. Although Bierwirth disputes the propriety of the foreclosure, there is no dispute that HSBC did foreclose and that Bierwirth failed to surrender the property. Thus, Bierwirth became a tenant at sufferance, and this landlord-tenant relationship gives AH4R a basis for its forcible detainer action independent of its claim to title in the property. The justice court and county court therefore did not need to determine whether HSBC satisfied all conditions precedent to the tenancy-at-sufferance clause or properly executed the foreclosure sale.

*Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 2014 WL 5500487 at *5 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.) (internal citations omitted).

The Arthurs assert on appeal to this court that Niti Properties "wrongly rel[ies] on a non-existing Deed of Trust" to support its argument that the Arthurs became tenants at sufferance after the foreclosure sale. The deed of trust attached to Niti Properties' petition in the justice court and motion for summary judgment in the county court at law contained a clause that provided, "If possession is not surrendered upon the purchaser's written demand, Grantor or such person shall be a tenant at sufferance and may be removed by writ of possession or by an action for forcible entry and detainer." It is undisputed that Niti Properties purchased the property at foreclosure and the Arthurs did not surrender possession upon Niti Properties' written demand.

The Arthurs argue that an earlier agreed judgment replaced the deed of trust as an "active security instrument." Neither the settlement agreement, nor the agreed judgment, were filed in the county court at law in this case and neither document

6

appears in our record. The Arthurs have attached these documents in addition to other items not in the record to their brief as appendices. They argue that we can take judicial notice of these public records. Niti Properties has objected to the attachments to the Arthurs' brief as they are outside the appellate record.

The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be considered. *Fox v. Alberto*, 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Evidence that is not contained in the appellate record is not properly before this court. *See* Tex. R. App. P. 34.1. Further, an appellate court may not take judicial notice of records unless they are provided as part of the appellate record. *See Adimora-Nweke v. Yarbrough*, No. 14-19-00426-CV, 2021 WL 1917832, at *3 (Tex. App.—Houston [14th Dist.] May 13, 2021, pet. denied) (mem. op.) (noting that our review is confined to the record of the trial court when the trial court acted); *see also Brown v. Brown*, 236 S.W.3d 343, 349 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Courts may take judicial notice of certain matters at any time, even on appeal. *See City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). As a general rule, however, appellate courts do so "only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law (e.g., calculation of prejudgment interest when the court renders judgment)." *Id.* at 162–63. Judicial notice in this case is not proper, and we may not consider the Arthurs' arguments that the deed of trust was replaced by documents not in our record. *See Adimora-Nweke*, 2021 WL 1917832, at *3.

When there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis for

resolving the issue of possession. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 282 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Here, Niti Properties presented sufficient evidence to establish its right to immediate possession of the property in the form of the tenancy-at-sufferance clause in the deed of trust. *See Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). The Arthurs argue that the deed of trust was superseded by other documents and, therefore, cannot be the basis of a tenancy-at-sufferance relationship.

The Arthurs, however, failed to present evidence in the trial court that the deed of trust was indeed superseded by the agreed judgment. When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *See Salaymeh*, 264 S.W.3d at 436.

However, when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier*, 447 S.W.3d at 564; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App—Houston [1st Dist.] 1995, writ denied). A justice court or a county court at law is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *See Salaymeh*, 264 S.W.3d at 436.

The county court at law must conduct a trial de novo on appeal from the justice court. *See* Tex. R. Civ. P. 506.3 ("The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been

8

no previous trial.") In this case, the county court at law granted Niti Properties' motion for summary judgment and later withdrew that judgment replacing it with an "Amended Final Judgment" after holding a non-evidentiary hearing. The Arthurs had not filed a motion for summary judgment entitling them to a judgment without a trial de novo. The county court at law rendered judgment without conducting a trial or otherwise hearing evidence.

We conclude the trial court erred in awarding immediate possession of the property to the Arthurs without conducting a trial de novo. We sustain Niti Properties' second issue.[2]

**CONCLUSION**

We reverse the judgment of the county court at law and remand to the trial court for trial de novo to determine if title to the property is so intertwined with possession that the justice court lacked jurisdiction over the dispute, or which party has the superior right to possession.


/s/     Jerry Zimmerer
        Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[2] Having sustained Niti Properties' second issue we need not address its first issue addressing propriety of the TRO.