# IN THE SUPREME COURT OF TEXAS

No. 14-0536

JESUS RUBEN MOLINA, PETITIONER,

v.

ELIAS ALVARADO, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS

**PER CURIAM**

Governmental employee Jesus Molina contends the trial court incorrectly denied his summary-judgment motion under the Texas Tort Claims Act (TTCA)'s election-of-remedies provision. We agree that Molina was immune from suit. We reverse the court of appeals and render judgment for Molina.

\* \* \*

Elias Alvarado sued the City of McCamey for negligence and negligence per se, claiming that Molina was driving a city vehicle under the influence of alcohol when he struck Alvarado's vehicle. Alvarado's original petition alleged generally that (1) Molina "was operating a City vehicle in the course and scope of his employment, agency, and/or governmental function" with the City of McCamey, and (2) the City, "through its employee, agent and/or servant [Molina], operated the vehicle in question in a negligent manner." The petition, however, did not describe Molina's employment duties or specifically allege that he was performing any particular task the

City had lawfully assigned him. The City asserted immunity from suit, contending that nothing in the TTCA or any other statute waived the City's immunity.

After the trial court denied Alvarado's special exceptions requesting that the City state the factual and legal basis of its immunity defense, Alvarado filed a first amended petition naming Molina as an additional defendant. The amended petition alleged that Molina "was operating a City vehicle in the course and scope of his employment, agency and/or governmental function" with the City. Alvarado reasserted that the City "through its employee, agent and/or servant Molina, operated the vehicle in question in a negligent manner." But Alvarado added an alternative argument: "if it is found that Molina was not furthering the governmental affairs of [the City] on the occasion in question, Molina is liable in his individual capacity for operating the vehicle in question in a negligent manner."

Molina filed a general denial and requested summary judgment, seeking dismissal under subsection (a) of the TTCA's election-of-remedies provision. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a). Molina contended that Alvarado had previously made an irrevocable election to sue the City of McCamey and was thus barred from suing him, too. The trial court denied Molina's summary-judgment motion, and on interlocutory appeal, *see id.* § 51.014(a)(5), the court of appeals affirmed, holding that subsection (a) "is correctly read as barring suit against an employee only where that employee is being sued in his official capacity, i.e. only where the employee was acting within the scope of his employment." 441 S.W.3d 578, 587. The court of appeals concluded that the existence of material fact questions regarding whether Molina was "actually driving the City of McCamey vehicle within the scope of his employment or under the influence of alcohol . . . prevent[ed] a grant of summary judgment." *Id.*

\* \* \*

2

Our recent decision in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), summarizes general Texas immunity law:

> Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the employee acted *ultra vires.* With that exception, an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer. But public employees (like agents generally) have always been individually liable for their own torts, even when committed in the course of employment, and suit may be brought against a government employee in his individual capacity. Generally, however, public employees may assert official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority.

*Id*. at 382–83 (internal quotation marks and footnotes omitted).

In certain circumstances, the TTCA waives the immunity that would otherwise bar suit against a governmental unit and an employee sued in his official capacity. TEX. CIV. PRAC. & REM. CODE §§ 101.025 ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); 101.021 (listing circumstances under which a governmental unit is liable for property damage, personal injury, or death); 101.023 (limiting the permissible recovery amount). However, the TTCA's election-of-remedies provision, section 101.106, effectively conditions the immunity waiver on the plaintiff's forfeiture of any negligence claims against the employee in his individual capacity. *See Tex. Adjutant Gen.'s Office v. Ngakoue* (*TAGO*), 408 S.W.3d 350, 350 (Tex. 2013) ("The statute encourages, and in effect mandates, plaintiffs to pursue lawsuits against governmental units rather than their employees when the suit is based on the employee's conduct within the scope of employment.").

Once the plaintiff elects to sue either the employee in his individual capacity or the governmental unit, subsection (a) or (b) will "immediately and forever" bar him from subsequently electing to sue the other regarding the same subject matter. TEX. CIV. PRAC. & REM. CODE § 101.106(a)–(b). Subsection (b) is triggered by "[t]he filing of a suit against any employee of a

governmental unit" and bars a future suit "against the governmental unit." *Id.* Subsection (a) is triggered by "[t]he filing of a suit under this chapter against a governmental unit" and bars future suit "against any individual employee." *Id. See also Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (holding that a suit "against any individual employee" is a suit against the employee in his individual capacity, i.e. one that "seek[s] personal liability"). But in light of subsection (f), when the plaintiff has previously filed suit against a government official, the applicability of subsections (a) and (b) "turn[] on whether the suit is considered to be against the officers in their individual or official capacities." *Alexander*, 435 S.W.3d at 791.

Section 101.106(f) provides that if plaintiff's suit is "filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment" and "could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE § 101.106(f). The TTCA defines the term "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). A suit based on such conduct is not a suit against the employee; it is, "in all but name only, a suit against the governmental unit." *TAGO*, 408 S.W.3d at 357. Conversely, suits against an employee based on conduct outside the scope of employment are suits against an employee in his individual capacity and seek personal liability. *Alexander*, 435 S.W.3d at 791.

When the suit is considered to be one against the employee in his official capacity, "subsection (f) provides the TTCA plaintiff a window to amend his pleadings to substitute the governmental unit before the court dismisses the suit against the employee." *TAGO*, 408 S.W.3d at 359. Once the defendant employee files a motion under subsection (f), the plaintiff must either

4

"dispute that [the employee] acted in his official capacity" or "implicitly concede[] that he had sued [the employee] in his official capacity only." *Id.* at 360. The election-of-remedies provision therefore "force[s] a plaintiff to decide at the outset whether an employee acted independently . . . or acted within the general scope of his or her employment." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

"Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id*. However, as we have previously noted, a plaintiff "may not be in the position of knowing whether the [employee] was acting within the scope of employment" when he files suit. *TAGO*, 408 S.W.3d at 359.

In today's case, Alvarado filed suit and initially named only the governmental unit itself, not its employee. This action "constitute[d] an irrevocable election . . . and immediately and forever bar[red] any suit or recovery by [Molina] against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). In light of subsection (f), a suit brought against a governmental employee may or may not be a suit against the governmental unit. Nothing in section 101.106, however, suggests that a suit against a governmental unit is potentially a suit against the employee in his individual capacity. Because Molina has already sued the governmental unit, he has no need of the window to amend his pleadings in subsection (f), which exists to allow plaintiffs to substitute the governmental unit. *TAGO*, 408 S.W.3d at 359. Any questions of material fact that exist regarding whether Molina was acting in the scope of his employment are therefore irrelevant to Alvarado's ability to subsequently seek to impose personal liability on Molina.

If at the time Alvarado filed suit he possessed insufficient information to determine whether Molina was acting within the scope of his employment, the prudent choice would have been to sue Molina, and await a factual resolution of that question. *See* TEX. CIV. PRAC. & REM. CODE § 101.106 (f); *Alexander*, 435 S.W.3d at 791. Because Alvarado did not do so, he essentially chose his defendant before being required to do so by the election-of-remedies provision. That choice is still an irrevocable election under section 101.106, and the TTCA bars him from later filing suit against Molina.

Accordingly, we grant Molina's petition for review and, without hearing oral argument, reverse the judgment of the court of appeals and render judgment for Molina. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED**: May 8, 2015.