**Affirmed and Opinion filed January 27, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00808-CV

---

## RODOLFO GUZMAN, Appellant

## V.

## THE CITY OF BELLVILLE, AUSTIN COUNTY, TEXAS DEPARTMENT OF TRANSPORTATION, BEN MUNSCH, AND JAMES BASS, Appellees

---

**On Appeal from the 155th District Court
Austin County, Texas
Trial Court Cause No. 2018V-0126**

---

## O P I N I O N

In this personal-injury case, the plaintiff appeals the trial court's judgment granting jurisdictional pleas, motions to dismiss, and summary-judgment motions filed by the defendants. The trial court did not abuse its discretion in denying the plaintiff's motions to continue the hearing on these pleas and motions. We reject the argument that claims asserted against an employee of a governmental unit in the employee's individual capacity are not subject to dismissal under section 101.106 of the Civil Practice and Remedies Code. We find briefing waiver on

various points, and the plaintiff has not shown that the trial court erred in granting the dispositive pleas and motions, or in determining that the plaintiff's motion to compel discovery is moot. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arose out of a bicycle accident that occurred on or about November 20, 2016, on East Main Street, also known as State Highway 36, in Bellville, Austin County, Texas. Appellant/plaintiff Rodolfo Guzman was riding his bicycle with members of his cycling club when a storm sewer grate dislodged Guzman from his bicycle, causing him to hit the ground and sustain personal injuries. Guzman alleges that the storm sewer grate had missing prongs due to extreme wear and tear and was a premises defect and a special defect.

In October 2018, Guzman filed suit against only appellee/defendant Texas Department of Transportation ("TxDOT"). On November 14, 2018, Guzman amended his petition to add appellees/defendants Austin County (the "County") and the City of Bellville (the "City") as defendants. In June 2019, the City filed a plea to the jurisdiction, supported by affidavits, asserting various arguments in support of the proposition that Guzman cannot show a waiver of the City's governmental immunity.

This jurisdictional plea was set for oral hearing on June 25, 2019. About two weeks before that date Guzman filed "Plaintiff's Opposed Rule 166 Motion to Defer" (the "First Motion for Continuance") asking the trial court to defer ruling on the City's plea to the jurisdiction and to grant a continuance until sufficient discovery had been conducted. Guzman asserted that the City had failed to adequately respond to discovery propounded by Guzman. Guzman's motion was set for hearing at the same time as the City's jurisdictional plea.

On June 14, 2019, Guzman amended his petition to add as defendants

2

appellee/defendant James Bass, the Executive Director of TxDOT, and appellee/defendant Ben Munsch, the City's Public Works Director. Bass answered and TxDOT filed a motion to dismiss based on subsections (a) and (e) of section 101.106 of the Civil Practice and Remedies Code (the "Subsections"), seeking dismissal of Guzman's claims against Bass. The City and Munsch filed a motion to dismiss and for summary judgment in which they (1) moved for dismissal of all claims against Munsch based on Munsch's immunity from suit under the Subsections; and (2) moved for a summary judgment dismissing all claims against Munsch based on the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code.

The record reflects that the trial court cancelled the oral hearing that was set on June 25, 2019 and that the parties agreed to have the jurisdictional pleas and other motions heard on July 30, 2019.

The County also filed a plea to the jurisdiction in which it asserted various arguments in support of the proposition that the trial court lacked jurisdiction over Guzman's claims against the County because there is no waiver of the County's governmental immunity from suit. The County submitted an affidavit from a TxDOT employee in support of its plea.

On July 17, 2019, Guzman filed a Third Amended Petition that did not include TxDOT as a defendant. Before July 30, 2019, responses in opposition were filed to the pending motions. Guzman amended his First Motion for Continuance as to the City's jurisdictional plea, and Guzman filed "Plaintiff's Opposed Rule 166 Motion to Defer the County's Amended Plea to Jurisdiction" (the "Second Motion for Continuance") asking the trial court to defer ruling on the County's amended plea to the jurisdiction and to grant a continuance until sufficient discovery had been conducted.

3

On July 25, 2019, Guzman amended his petition for the last time, adding TxDOT back as a defendant. In his live pleading, Guzman alleges the following against the City, the County, TxDOT, Bass, and Munsch: (1) negligence claims based on "injury by use or condition of property"; (2) negligence claims based on "premises liability"; (3) negligence claims based on "dangerous conditions"; (4) negligence claims based on "premises liability," dangerous conditions, and Guzman's status as an invitee; and (5) negligence claims based on the defendants' alleged failure to maintain the sewer, street, or roadway in a reasonably safe condition, alleged conduct in allowing the sewer, street, or roadway to remain in a dangerous condition after the defendants knew or reasonably should have known of the dangerous condition, and alleged failure to take reasonable steps to ensure the safety and security of the sewer, street, or roadway. According to Guzman, each of the five claims is a separate negligence claim. As to Bass and Munsch, Guzman asserts a sixth claim based on the alleged negligence of each of them in supervising his respective employees.

The day after Guzman amended his petition for the last time he filed a motion to compel discovery against TxDOT, the County, and the City. The City and Munsch supplemented their motion to dismiss and for summary judgment, and the City supplemented its jurisdictional plea. Guzman supplemented his motion to compel. The hearing scheduled for July 30, 2019 did not take place because the presiding judge of the trial court recused himself on his own motion.

On August 5, 2019, TxDOT and Bass filed a new plea to the jurisdiction and motion for summary judgment in which they argued that (1) the trial court should dismiss Guzman's claims against Bass based on the Subsections; and (2) the two-year statute of limitations bars Guzman's claims against TxDOT and Bass. Guzman supplemented his two motions for continuance, in an apparent effort to

4

have these motions apply to all of the defendants' jurisdictional pleas, motions to dismiss, and summary-judgment motions.

On September 27, 2019, the Honorable Dwight Peschel presided over oral argument on the pending pleas and motions. After oral argument, Judge Peschel signed a final judgment in which he:

- granted the amended motion to dismiss filed by the City and Munsch, and dismissed Guzman's claims against Munsch with prejudice for lack of jurisdiction;

- granted the pleas to the jurisdiction filed by the City and the County in all things and dismissed Guzman's claims against the City and the County with prejudice for lack of jurisdiction;

- granted the plea to the jurisdiction and motion for summary judgment of TxDOT and Bass, dismissed Guzman's claims against Bass with prejudice for lack of jurisdiction, and ordered that Guzman take nothing against TxDOT;

- denied the First Motion for Continuance and the Second Motion for Continuance; and

- stated that Guzman's motion to compel discovery was moot.

Guzman timely appealed the trial court's judgment. At Guzman's request the Honorable Dwight Peschel issued findings of fact and conclusions of law.

## II. ISSUES AND ANALYSIS

On appeal, Guzman asserts the following issues:

1.  "Whether or not [Guzman's live pleading] relates back to [his Original Petition] with respect to all Appellees and all claims."

2.  "Whether or not the [trial court] erred in denying [Guzman's] [First Motion For Continuance, Second Motion for Continuance,] and [the] supplements [thereto]."

3. "Whether or not the [trial court] stepped outside its authority by making findings regarding whether or not the sewer grate posed an unreasonable risk to [Guzman], and/or whether or not any of the Appellees adequately warned [Guzman] of said danger."

4. "Whether or not the [trial court] erred in failing to grant [Guzman's] Motion to Compel and stating that the Motion to Compel was moot."

## A.  Has Guzman shown that the trial court abused its discretion by denying Guzman's motions for continuance?

In his second issue Guzman asserts that the trial court erred in denying the First Motion for Continuance, the Second Motion for Continuance, and the supplements thereto. We presume, without deciding, that Guzman adequately briefed this issue and that by his supplements to each motion, Guzman sought a continuance as to all of the pleas to the jurisdiction, motions to dismiss under section 101.106, and summary-judgment motions filed by the defendants.

When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* When deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, courts have considered the following nonexclusive factors: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.* When a party seeks a continuance so that the party may have more time to conduct additional discovery, the party must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v.*

6

*Enterprise Products, Co*., 925 S.W.2d 640, 647 (Tex. 1996); *Brown v. HEB Grocery Co., L.P*., 2017 WL 370132, at *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 2017, no pet.) (mem. op.). We conclude that this legal standard applies to a motion for a continuance seeking more time to conduct additional discovery, whether the hearing sought to be continued is a hearing on plea to the jurisdiction, a summary-judgment motion, or a motion to dismiss under section 101.106 of the Civil Practice and Remedies Code ("section 101.106"). *See Driskell v. Concrete Raising Corp*., No. 14-19-00117-CV, 2021 WL 1184400, at *3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (summary-judgment hearing) (mem. op.); *Brown v. Robinson*, No. 14-17-00754-CV, 2019 WL 1339651, at *8–9 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (plea-to-the-jurisdiction hearing) (mem. op.); *Melton v. Farrow*, No. 03-13-00542-CV, 2015 WL 681491, at *3–4 (Tex. App.—Austin Feb. 10, 2015, pet. denied) (hearing on motion to dismiss under section 101.106) (mem. op.).

Though Guzman did not verify the First Motion for Continuance, the Second Motion for Continuance, or the supplements thereto, Guzman did submit an affidavit of his attorney in support of each motion.[1] The two affidavits are substantially similar. In each affidavit, Guzman's counsel testified as follows:

- "We cannot move forward without conducting discovery as the [Defendants have] made this a matter of fact and not a matter of law."

- "[Guzman] needs additional time to conduct discovery in order to respond to the [Defendants' dispositive pleas and motions]."

---

[1] Though the title of each affidavit included the word "verification," the substance of each document was an affidavit, not a verification. In neither affidavit did the affiant testify that any statement in either motion for continuance was true or correct. In the body of each motion for continuance, Guzman refers to the attached document as "an affidavit," and Guzman did not state that either motion was verified.

- "No discovery has been adequately responded to . . . in this case; yet these are the same Defendants seeking dispositive relief in the form of a plea to the jurisdiction which mimics a summary judgment."

- "Without discovery, [Guzman] cannot adequately respond and wishes this court to defer the motion for plea/motion [sic] and/or *sua sponte* deny it as moot."

Each of these two-paragraph affidavits contains general statements that Guzman needs more time to conduct additional discovery but lacks any specifics as to what types of additional discovery Guzman allegedly needs (for example, interrogatories, depositions, or requests for production), what documents, if any, Guzman needs that he has not yet obtained in discovery, or what witnesses, if any, Guzman needs to depose. Neither affidavit addresses any of the following: (1) the length of time the case has been on file, (2) the discovery Guzman has already obtained, (3) the discovery Guzman allegedly still needs to conduct, (4) how long it will take to conduct this additional discovery, (5) the materiality and purpose of the discovery Guzman seeks, or (6) whether Guzman has exercised due diligence to obtain the discovery sought. Absent these specifics, the trial court did not abuse its discretion in denying the First Motion for Continuance, the Second Motion for Continuance, and the supplements thereto. *See Driskell*, 2021 WL 1184400, at *3–4; *Carter v. Macfadyen*, 93 S.W.3d 307, 310–11 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Even if Guzman had verified his motions for continuance and supplements thereto and even considering the statements of Guzman's attorney at the hearing on the motion, Guzman still failed to provide specifics regarding the discovery allegedly needed, what it would take to obtain that discovery, and Guzman's due diligence, if any, in seeking to obtain that discovery. Even considering the statements in Guzman's motions and the statements of his attorney at the hearing, the trial court did not abuse its discretion in denying the First

Motion for Continuance, the Second Motion for Continuance, and the supplements thereto. *See Driskell*, 2021 WL 1184400, at \*3–4; *Carter*, 93 S.W.3d at 310–11.

Guzman served requests for disclosure and requests for production on TxDOT, the City, and the County. On appeal, Guzman asserts that these defendants did not adequately or completely respond to discovery. However, these defendants contend that they sufficiently responded to Guzman's discovery requests, and Guzman does not specify the requests as to which the defendants' responses were allegedly inadequate or the way in which the responses were allegedly inadequate.

On appeal, Guzman asserts that he had no way to controvert the defendants' evidence because "the discovery phase had just truly begun" and "[d]iscovery was far from being closed" when the trial court ruled on the dispositive pleas and motions. Under the version of the rules of civil procedure that existed at all times relevant to this case, the record reflects that this case was governed by Texas Rule of Civil Procedure 190.3 and that under this rule the discovery period ended on September 20, 2019, nine months after the due date of the first response to written discovery. *See* Tex. R. Civ. P. 190.4; *former* Tex. R. Civ. P. 190.2, 190.3 (amended effective Jan. 1, 2021). Thus, the discovery period ended one week before the trial court denied Guzman's motions for continuance and ruled on the dispositive pleas and motions. At this juncture, the discovery phase had not just begun, nor was discovery "far from being closed."

In his appellate brief Guzman states that the trial court denied his continuance motions "before adequate discovery could be conducted." But, Guzman has not explained why he could not have conducted adequate discovery during the nine months after the due date of the first response to written discovery. Guzman asserts that the trial court should not have ruled on the pleas and motions

9

until adequate or sufficient discovery had been conducted regarding issues related to the merits of Guzman's claims, but Guzman has not shown that he exercised due diligence in seeking whatever discovery he seeks. The City filed its plea to the jurisdiction on June 10, 2019, supported by four affidavits. Two days later Guzman filed his original First Motion for Continuance claiming that he needed more time to conduct additional discovery. The trial court did not deny Guzman's motions for continuance and grant the defendants' dispositive pleas and motions until September 27, 2019, three and a half months after Guzman first moved for a continuance. The record reflects that in this three-and-a-half-month period Guzman did not try to take any depositions, did not serve any interrogatories, and did not serve any new discovery requests. Guzman did file a motion to compel discovery on July 26, 2019. Guzman has not shown that he exercised due diligence in seeking discovery. It would be improper to reward a lack of diligence in pursuing discovery, and "the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *Driskell*, 2021 WL 1184400, at *4.

Guzman has not shown that the trial court abused its discretion by denying his motions for continuance and the supplements thereto. We overrule the second issue.

**B.      Has Guzman shown that the trial court erred in dismissing the claims against Bass and Munsch under section 101.106?**

Guzman sued Bass and Munsch in their individual capacities and asserted six alleged negligence claims against them. Guzman also sued Munsch in his official capacity as Executive Director of TxDOT and Bass in his official capacity as the City's Public Works Director.

10

In their plea to the jurisdiction and motion for summary judgment, Bass and TxDOT asserted that the trial court should dismiss Guzman's claims against Bass based on the Subsections. In their motion to dismiss and motion for summary judgment, the City and Munsch moved for dismissal of all claims by Guzman against Munsch based on Munsch's immunity from suit under the Subsections. The trial court granted this requested relief and dismissed Guzman's claims against Bass and Munsch with prejudice for lack of jurisdiction. We presume for the sake of argument that Guzman assigned error as to these trial court rulings.

We presume, without deciding, that Guzman has adequately briefed an argument that the trial court erred in dismissing the claims against Bass and Munsch in their individual capacities under the Subsections because claims asserted against an employee of a governmental unit in the employee's individual capacity are not subject to dismissal under section 101.106. Even construing Guzman's brief liberally, we cannot conclude that Guzman has adequately briefed any other argument challenging the trial court's dismissal of Guzman's claims against either Bass or Munsch, and we find briefing waiver on these points. *See Harrington v. Hawthorne-Midway Palms, LLC*, No. 14-18-00460-CV, 2020 WL 1061086, at *3 (Tex. App.—Houston [14th Dist.] Mar. 5, 2020, no pet.) (mem. op.); *Fox v. Alberto*, 455 S.W.3d 659, 664 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Under the Subsections:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

. . .

11

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West, Westlaw through 2021 C.S.). Guzman states in his live pleading that TxDOT and the City are governmental units. Guzman also asserts that Bass is the Executive Director of TxDOT and that Munsch is the City's Public Works Director. Guzman conceded in one of his replies in the trial court that Bass and Munsch are governmental employees.

Section 101.106 requires a plaintiff to decide on a theory of tort liability before suit is even filed. *See id.*; *Univ. of Tex. Health Science Cntr. at Houston v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017). A plaintiff must "decide *at the outset* whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (emphasis added). That decision is "an irrevocable election *at the time suit is filed*" whether to "su[e] the governmental unit under the Tort Claims Act or proceed[] against the employee alone." *Id*. (emphasis added). This early-election requirement "reduce[s] the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable." *Id*. The Supreme Court of Texas has warned that "[b]ecause the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id*. The high court has counseled that when interpreting section 101.106, courts "must favor a construction that most clearly leads to the early dismissal of a suit against an employee when the suit arises from an

12

employee's conduct that was within the scope of employment." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013).

Before adding Bass and Munsch as defendants, Guzman filed this suit against TxDOT and the City, relying on the waiver of immunity provided by the Texas Tort Claims Act, and without suing any employees of either governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101, *et seq.* (West, Westlaw through 2021 C.S.). Guzman's filing of suit against TxDOT and the City constituted an irrevocable election by Guzman and immediately and forever barred any suit or recovery by Guzman against Bass or Munsch regarding the same subject matter. *See Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015). Guzman's claims against Bass and Munch in this case regard the same subject matter as Guzman's claims against TxDOT and the City, and the bar of section 101.106(a) applies to Guzman's claims against Bass or Munsch in their individual capacities. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a); *Molina*, 463 S.W.3d at 871. Guzman later filed suit against Bass and Munsch, as well as TxDOT and the City. Bass was entitled to be dismissed when TxDOT filed a motion to dismiss under subsection (e), and Munsch was entitled to be dismissed when the City filed a motion to dismiss under subsection (e). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e); *Rios*, 542 S.W.3d at 537.

We reject Guzman's argument that claims asserted against an employee of a governmental unit in the employee's individual capacity are not subject to dismissal under section 101.106. Guzman has not shown that the trial court erred in dismissing Guzman's claims against Bass and Munsch under the Subsections.

**C. Has Guzman adequately briefed an argument that the trial court erred in granting TxDOT's Plea to the Jurisdiction and Motion for Summary Judgment?**

Guzman asserted five alleged negligence claims against TxDOT. In its plea to the jurisdiction and motion for summary judgment ("TxDOT's Plea and Motion"), TxDOT asserted that the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code bars Guzman's claims against TxDOT. The trial court granted TxDOT's Plea and Motion and ordered that Guzman take nothing against TxDOT. We presume for the sake of argument that Guzman assigned error as to this trial court ruling. In his first issue, Guzman asserts that his live pleading related back to his Original Petition as to all defendants and all claims.

In his appellate brief, Guzman does not provide any analysis or citations to legal authority in support of an argument that the trial court erred in granting TxDOT's Plea and Motion as to Guzman's claims against TxDOT. Nor does Guzman provide any analysis or citations to legal authority in support of an argument that his live pleading related back to his Original Petition as to all defendants and all claims. Though he states in a conclusory manner that his live pleading related back to his Original Petition and that the statute of limitations does not apply, Guzman does not discuss the "relation back" doctrine or cite any legal authority regarding this doctrine. Guzman does not cite section 16.003 of the Civil Practice and Remedies Code or any cases involving a statute-of-limitations issue. Guzman does not present a statute-of-limitations analysis as to his claims against TxDOT. Guzman's appellate briefing is not sufficient to articulate a clear and concise argument in support of a contention that the trial court erred in determining that the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code bars Guzman's claims against TxDOT. Nor is Guzman's appellate

briefing sufficient to articulate a clear and concise argument in support of a contention that Guzman's live pleading related back to his Original Petition as to all defendants and all claims. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed an argument that (1) Guzman's live pleading related back to his Original Petition as to all defendants and all claims, or (2) the trial court erred in granting TxDOT's Plea and Motion as to Guzman's claims against TxDOT. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664. Thus, we find briefing waiver on these points, and we overrule the first issue. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664.

**D.      Has Guzman adequately briefed an argument that the trial court erred in granting the County's Amended Plea to the Jurisdiction?**

Guzman asserted five alleged negligence claims against the County.  In its amended plea to the jurisdiction, the County asserted that (1) the County does not own, occupy, control, or maintain the highway area at issue in this lawsuit and therefore owed no duty to Guzman; and (2) even if the County owed a duty to Guzman, section 75.002 of the Civil Practice and Remedies Code, the Recreational Use Statute, applies and requires that, to be liable to Guzman, the County must have been grossly negligent or must have acted with malicious intent or in bad faith, and the evidence established that the County was not grossly negligent; (3) because Guzman was injured by an alleged premises defect on governmental property, Guzman is limited to asserting a premises liability claim if immunity is waived under the Texas Tort Claims Act, and Guzman may not assert general negligence claims; and (4) Guzman's claims against the County are barred by the County's immunity from suit. The trial court granted the County's amended plea to the jurisdiction in all things and dismissed Guzman's claims against the County with prejudice for lack of jurisdiction. We presume for the sake of argument that Guzman assigned error as to this trial court ruling.

15

In his appellate brief, Guzman does not provide any analysis or citations to legal authority in support of an argument that the trial court erred in granting the County's amended plea to the jurisdiction. Guzman does not assert that the County owned, occupied, controlled, or maintained the highway area at issue in this lawsuit. Guzman has not explained why the trial court erred in determining that the County did not own, occupy, control, or maintain the highway area at issue in this lawsuit and therefore owed no duty to Guzman. Guzman does not cite section 75.002 or section 101.058 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 75.002, 101.058 (West, Westlaw through 2021 C.S.). Guzman has not provided an analysis of the evidence in support of an argument that the trial court erred in determining that the evidence establishes that the County was not grossly negligent. Guzman's appellate briefing is not sufficient to articulate a clear and concise argument in support of a contention that none of the grounds in the County's amended plea support the trial court's determination that it lacked jurisdiction over Guzman's claims against the County. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed an argument that the trial court erred in granting the County's amended plea to the jurisdiction. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664. Thus, we find briefing waiver on this point. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664.

**E.     Has Guzman adequately briefed an argument that the trial court erred in granting the City's Plea to the Jurisdiction?**

Guzman asserted five alleged negligence claims against the City. In its plea to the jurisdiction, the City asserted that absent a waiver of the City's governmental immunity the trial court lacks subject-matter jurisdiction over Guzman's claims against the City. The City also asserted that the uncontroverted

evidence establishes that Guzman cannot maintain a claim against the City for which its governmental immunity from suit is waived because (1) Guzman was engaged in recreation at the time of the incident made the basis of this suit, and thus, under the Recreational Use Statute, to the extent that the City had any control of the alleged premises defect, the standard of care owed would be that owed to a trespasser, which requires a showing of gross negligence, malicious intent, or bad faith on the part of the City; (2) the uncontroverted evidence establishes that at the time of the incident made the basis of this suit, the City did not have actual, subjective awareness that the storm sewer grate about which Guzman complains posed an extreme degree of risk to a user of the highway's right-of-way, and such actual subjective awareness is an essential element of a claim by Guzman against the City under the trespasser standard of gross negligence, malicious intent, or bad faith; and (3) Guzman's first and fifth claims against the City do not state a claim for which the City's immunity from suit is waived by the Tort Claims Act. In support of its jurisdictional plea, the City submitted an affidavit of the City Administrator, an affidavit of the City's Public Works Director, an affidavit of the Crew Leader of the Street Department of the Public Works Department of the City, and an affidavit of the City Secretary of the City.

The trial court granted the City's plea to the jurisdiction in all things and dismissed Guzman's claims against the City with prejudice for lack of jurisdiction. We presume for the sake of argument that Guzman assigned error as to this trial court ruling.

In his appellate brief, Guzman does not provide any analysis or citations to legal authority in support of an argument that the trial court erred in granting the City's plea to the jurisdiction. Guzman does not cite the Recreational Use Statute, nor does he address whether that statute applies to this case or the effect of its

17

application to this case. Guzman does not analyze the grounds asserted by the City in its plea to the jurisdiction. Guzman does not analyze the evidence submitted by the City in support of its plea[2] in an attempt to argue that this evidence does not establish that at the time of the incident made the basis of this suit, the City did not have actual, subjective awareness that the storm sewer grate about which Guzman complains posed an extreme degree of risk to a user of the highway's right-of-way.[3] Guzman's appellate briefing is not sufficient to articulate a clear and concise argument in support of a contention that none of the grounds in the City's plea support the trial court's determination that it lacked jurisdiction over Guzman's claims against the City. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed an argument that the trial court erred in granting the City's plea to the jurisdiction. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664. Thus, we find briefing waiver on this point. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664.

**F.** **Has Guzman adequately briefed his fourth issue regarding his motion to compel discovery?**

Guzman filed a motion to compel discovery asking the trial court to compel TxDOT, the County, and the City to fully respond to requests for disclosure and

---

[2] Guzman does assert in his briefing that the affidavit of the City Administrator is "improper summary judgment evidence" because it is an affidavit of an interested witness whose testimony could not have been readily controverted because the City has not adequately answered discovery regarding the issues addressed in the affidavit. Guzman made substantially similar statements in his motions for continuance, and these statements address Guzman's complaint that the trial court should have granted these motions and not ruled on the City's plea. This complaint has been addressed in section II. A. above.

[3] In his brief, Guzman makes the following statements, unsupported by any citation to the record or to a legal authority: (1) "Fact issues exist as to whether the City was willful, wanton, or grossly negligent."; and (2) "Whether the City was willful, wanton, or grossly negligent is a fact question for the jury." But, these conclusory statements do not constitute adequate briefing as to whether the evidence raises a fact issue. *See Fox*, 455 S.W.3d at 664.

requests for production to which Guzman alleged these parties had not completely responded. Rather than ruling on this motion, the trial court determined in its final judgment that the motion is moot. In his fourth issue, Guzman asserts that the trial court erred in failing to grant his motion to compel discovery and in stating that the motion is moot.

In his appellate brief, Guzman does not provide any analysis or citations to legal authority in support of an argument that the trial court erred in determining that the motion to compel discovery is moot. Guzman does not discuss the mootness doctrine or cite a case regarding the mootness doctrine. Guzman does not analyze the discovery requests listed in the motion to compel discovery to which Guzman claims complete responses had not been made. Guzman's appellate briefing is not sufficient to articulate a clear and concise argument in support of a contention that the trial court erred in determining that the motion to compel discovery is moot and in failing to grant the motion. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed his fourth issue. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664. Thus, we find briefing waiver on this point and overrule Guzman's fourth issue. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664.

## G. Has Guzman adequately briefed his third issue?

In his third issue, Guzman asserts that the trial court exceeded its authority by making findings as to whether the sewer grate posed an unreasonable risk to Guzman, and whether any of the defendants adequately warned Guzman of said danger. In his appellate brief, Guzman does not provide any analysis or citations to legal authority in support of an argument that the trial court exceeded its authority by making these findings. Guzman does not discuss the trial court's authority to make findings in this context or cite a case regarding this authority. Guzman's

19

appellate briefing is not sufficient to articulate a clear and concise argument in support of a contention that the trial court exceeded its authority by making these findings. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed his third issue. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664. Thus, we find briefing waiver on this point and overrule Guzman's third issue. *See Harrington*, 2020 WL 1061086, at *3; *Fox*, 455 S.W.3d at 664.

### III. CONCLUSION

Guzman has not shown that the trial court abused its discretion by denying his motions for continuance and the supplements thereto. We reject Guzman's argument that claims asserted against an employee of a governmental unit in the employee's individual capacity are not subject to dismissal under section 101.106. Guzman has not shown that the trial court erred in dismissing Guzman's claims against Bass and Munsch under the Subsections. Even construing Guzman's brief liberally, we cannot conclude that Guzman adequately briefed an argument that (1) the trial court erred in granting TxDOT's Plea and Motion as to Guzman's claims against TxDOT; (2) the trial court erred in granting the County's amended plea to the jurisdiction; or (3) the trial court erred in granting the City's plea to the jurisdiction. Having overruled all of Guzman's issues, we affirm the trial court's judgment.


/s/    Randy Wilson
       Justice


Panel consists of Justices Jewell, Poissant, and Wilson.