

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00059-CV

_____

CORIE LANCE BARRON, Appellant

V.

MARKUS THOMASON, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-005222-1

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Corie Lance Barron appeals from the trial court's denial of his motion to dismiss a negligence suit brought against him by Appellee Markus Thomason, who had been involved in a motor-vehicle collision with a Fort Worth Police Department (FWPD) vehicle driven by Barron. In a single issue, Barron argues that the trial court abused its discretion by denying his motion because Thomason had made an irrevocable election of remedies under Section 101.106(a) of the Texas Tort Claims Act (TTCA) by initially suing only the City of Fort Worth—a decision that "forever barred" suit against Barron individually. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a).

Because we conclude that the election-of-remedies provision of the TTCA required dismissal of Thomason's claims against Barron, we reverse the trial court's denial of Barron's motion to dismiss and render judgment dismissing for want of jurisdiction Thomason's claims against Barron.

## I. Background

In October 2022, Thomason was driving a vehicle on the service road when he approached an intersection with a traffic light that he alleges was flashing red for all lanes of traffic. As he attempted to turn left at the intersection, Thomason's vehicle was struck by a FWPD vehicle driven by Barron. According to Thomason, Barron was wearing a FWPD uniform when the collision occurred.

2

On July 19, 2024, Thomason sued solely the City for negligence and asserted that the City had waived its governmental immunity from suit. While Barron was not named in the petition, Thomason alleged that because the "Defendant driver" had been acting in the course and scope of his employment with the City at the time of the collision, the City was responsible for the driver's negligent actions. In its answer to the suit, the City specifically denied that its employee had been acting in the course and scope of his employment at the time of the collision. The City also "specifically plead[ed] and state[d] its intention to rely on the doctrine of governmental immunity" under the TTCA.

On October 29, 2024, Thomason filed his first amended petition and added Barron as a named defendant.[1] Thomason again alleged that the City had waived its governmental immunity and that Barron had been acting in the course and scope of his employment with the City at the time of the collision.

Barron filed an answer and special exceptions asserting that Thomason had made an irrevocable election of remedies under Section 101.106(a) of the TTCA, and thus as a matter of law, he was forever barred from seeking recovery against Barron individually. Barron then filed a motion to dismiss seeking dismissal of Thomason's claims against him under the election-of-remedies provision of Section 101.106(a). He

---

[1]According to Thomason, he added Barron to the suit "after learning" that Barron had been the driver of the FWPD vehicle.

3

argued that by suing only the City "from the outset," Thomason was barred from seeking recovery against him.

Thomason subsequently filed a second amended petition, adding a negligent-entrustment claim against the City.[2] The City filed an amended answer and special exceptions asserting that Thomason's second amended petition was defective as a matter of law because he alleged a cause of action against both the City and Barron. According to the City, Thomason should have been "required to re-plead suing either the City or . . . Barron," and the failure to do so should have resulted in the trial court's striking Thomason's pleading "in its entirety."

Weeks later, Thomason filed a response to Barron's motion to dismiss. In the response, Thomason asserted that "conflicting evidence create[d] a genuine issue of material fact" as to whether Barron had been acting in the course and scope of his employment with the City at the time of the collision—a fact question that could not be resolved through a motion to dismiss. This "conflicting evidence," according to Thomason, consisted of assertions in Barron's motion to dismiss and in the City's original answer. Specifically, Thomason contended that the motion was "based on the claim" that Barron could not be sued individually because he had been acting in the

---

[2]Thomason's allegations against Barron were identical in both his first amended and second amended petitions. Barron's answer to Thomason's second amended petition raised the same election-of-remedies argument under Section 101.106(a).

course and scope of his employment with the City,[3] while the City had taken the position that Barron was not acting in the course and scope of his employment at the time of the collision. Thomason argued that these "conflicting positions" raised a fact question that had to be answered by a factfinder.

Barron filed a reply in support of his motion to dismiss and argued that the scope-of-employment question was not the grounds for the motion but, rather, that the trial court lacked subject-matter jurisdiction pursuant to the election-of-remedies provision of Section 101.106(a). He asserted that any fact questions regarding scope of employment were irrelevant to the question of the trial court's jurisdiction.

The trial court denied Barron's motion to dismiss. Barron timely filed this interlocutory appeal.

## II. Discussion

Barron argues that the trial court erred by denying his motion to dismiss because Thomason had made an irrevocable election of remedies when he filed suit only as to the City. In response, Thomason contends that (1) Barron was required to conclusively establish that Section 101.106(f) applied to Thomason's causes of action

---

[3]Our review of the motion does not follow Thomason's contention, and we disagree with his characterization. Barron merely mentioned "scope of employment" in the context of the election-of-remedies provision's requirement that a plaintiff sue either the governmental entity or its employee, but not both, inherently forcing the plaintiff to determine whether the employee acted independently. Barron then argued that the claims against him should be dismissed because Thomason sued the City *first*—a decision that had irrevocable consequences regardless of whether Barron had been acting in the scope of his employment at the time of the collision.

but failed to do so and (2) the City's specific denial that Barron had been acting in the course and scope of his employment at the time of the collision created a genuine issue of material fact that cannot be resolved through a motion to dismiss. Thomason also questions our jurisdiction over this appeal.

## A. Appellate Jurisdiction

Because jurisdiction is a threshold issue, we address it first. Thomason asserts that this court lacks jurisdiction over Barron's interlocutory appeal because Barron is not a governmental unit, *see id.* § 51.014(a)(8), and because Section 51.014 does not permit individuals to file interlocutory appeals from a denial of a motion to dismiss. In his reply brief, Barron argues that we have jurisdiction over this appeal under Section 51.014(a)(5). *See id.* § 51.014(a)(5)

Under Section 51.014(a)(5), a party may appeal an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *Id.* The Texas Supreme Court has explained that the primary purpose of Section 51.014(a)(5) is to "allow an interlocutory appeal from rulings on certain issues, not merely rulings in certain forms." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011). Thus, "an appeal may be taken from orders denying an assertion of immunity . . . regardless of the procedural vehicle used." *Id.*; *see Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (concluding that Section 51.014(a)(5) provides for interlocutory appeal from order denying employee's

6

assertion of immunity under Section 101.106 in motion to dismiss); *Luchak v. McAdams*, 379 S.W.3d 361, 363–64 (Tex. App.—Waco 2012, pet. dism'd) (permitting interlocutory appeal from denial of Section 101.106(f) motion to dismiss claims brought against employees of governmental entity).

Here, even though the procedural vehicle that Barron used to assert his immunity was a motion to dismiss, we have appellate jurisdiction over this appeal. The parties do not dispute that Barron is an employee of the City, which is a political subdivision of the state. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) ("Governmental immunity protects the [s]tate's political subdivisions, including its cities, against suits and legal liability."). Barron's motion to dismiss was based on the election-of-remedies provision in Section 101.106(a). By invoking the election-of-remedies provision, he raised the issue of his immunity. *See Krause*, 652 S.W.3d at 885 (first citing *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011); and then citing *Austin State Hosp.*, 347 S.W.3d at 299–301). Because Barron raised the issue of his immunity, he may appeal the trial court's denial of his motion to dismiss. *See Austin State Hosp.*, 347 S.W.3d at 301.

Accordingly, we conclude that we have jurisdiction over this appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

**B. TTCA Election of Remedies**

Turning to the merits of Barron's appeal, we conclude that the trial court erred by denying his motion to dismiss.

Subject-matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Immunity from suit deprives a court of subject-matter jurisdiction. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004) (op. on reh'g). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* at 226.

Section 101.106 of the TTCA is an unequivocal grant of immunity in the context of suits brought thereunder. *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997) (analyzing previous version of statute); *see Franka*, 332 S.W.3d at 371 n.9 (discussing *Newman* and concluding that "the character of the statute as one conferring immunity remains unchanged"). It is a comprehensive election-of-remedies provision that "requires a plaintiff to decide on a theory of tort liability before filing suit." *Krause*, 652 S.W.3d at 886. Specifically, the election-of-remedies provision forces a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable or acted within the general scope of his employment such that the governmental unit is vicariously liable. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 397 (Tex. App.—Fort Worth 2008, no pet.). Once the plaintiff elects his defendant, "the election-of-remedies provision expressly confers immunity on the un-elected defendant for all claims brought under the [TTCA]." *City of Houston v.*

8

*Esparza*, 369 S.W.3d 238, 250 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (op. on reh'g), *abrogated on other grounds by Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350 (Tex. 2013); *see Molina v. Alvarado*, 463 S.W.3d 867, 870 (Tex. 2015); *Franka*, 332 S.W.3d at 371 n.9.

> Section 101.106(f) provides that if a plaintiff files suit
>
> against an employee of a governmental unit based on conduct within the general scope of that employee's employment and [the suit] could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). "When the suit is considered to be one against the employee in his official capacity, '[S]ubsection (f) provides the TTCA plaintiff a window to amend his pleadings to substitute the governmental unit before the court dismisses the suit against the employee.'" *Molina*, 463 S.W.3d at 871 (quoting *Ngakoue*, 408 S.W.3d at 359). In other words, Section 101.106(f) comes into play when the plaintiff names the employee as a defendant at the time he files suit. *See id.* at 870, 871.

Section 101.106(a) relates to suits in which the plaintiff names the governmental unit as a defendant at the time he files suit: "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a); *see Molina*, 463 S.W.3d at 870. The Texas Supreme Court has confirmed that "[o]nce the plaintiff elects to sue . . . the governmental unit, [S]ubsection (a) . . . will 'immediately and forever' bar him from *subsequently* electing to sue the [employee] regarding the same subject matter." *Molina*, 463 S.W.3d at 870 (emphasis added); *cf. City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *5 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. filed) (mem. op.) (holding that Subsection (a) did not bar plaintiff's suit against city employee when plaintiff initially filed suit against both the employee and the city and employee was sued in his official capacity).

In *Molina*, the facts of which are strikingly similar to those in this case, the plaintiff sued a city for negligence and negligence per se after a city vehicle driven by a city employee struck the plaintiff's vehicle. *Molina*, 463 S.W.3d at 869. The plaintiff's petition alleged that the employee had been acting in the course and scope of his employment with the city at the time of the collision and that the city, through its employee, was negligent. *Id.* The plaintiff subsequently amended his petition and named the employee as an additional defendant. *Id.* In his amended petition, the plaintiff reasserted that the employee had been acting in the course and scope of his employment with the city and that the city, through its employee, was negligent. *Id.*

The employee filed a motion for summary judgment seeking dismissal of the claims against him under Section 101.106(a) of the TTCA. *Id.* He argued that the plaintiff had previously made an irrevocable election to sue the city and was thus

barred from suing him, too. *Id.* The trial court denied the employee's summary-judgment motion, and on appeal, the court of appeals affirmed, concluding that "the existence of material fact questions regarding whether [the employee] was 'actually driving the [c]ity . . . vehicle within the scope of his employment . . . prevent[ed] a grant of summary judgment.'" *Id.* (quoting court of appeals).

The Texas Supreme Court, however, reversed the judgment of the court of appeals. *Id.* at 871–72. Because the plaintiff had already sued the governmental unit, he "ha[d] no need of the window to amend his pleadings in [S]ubsection (f)." *Id.* at 871. Thus, "[a]ny questions of material fact that exist[ed] regarding whether [the employee] was acting in the scope of his employment [we]re therefore irrelevant to [the plaintiff's] ability to subsequently seek to impose personal liability on [the employee]." *Id.* The court reasoned,

> If at the time [the plaintiff] filed suit he possessed insufficient information to determine whether [the employee] was acting within the scope of his employment, the prudent choice would have been to sue [the employee], and await a factual resolution of that question. *See* Tex. Civ. Prac. & Rem. Code [Ann.] § 101.106(f); *Alexander* [*v. Walker*], 435 S.W.3d [789,] 791 [(Tex. 2014)]. Because [the plaintiff] did not do so, he essentially chose his defendant before being required to do so by the election-of-remedies provision. That choice is still an irrevocable election under [S]ection 101.106, and the TTCA bars him from later filing suit against [the employee].

*Id.* at 871; *cf. Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014) (analyzing Subsections (a) and (f) and holding that claims initially filed against only the employee should have been dismissed under Subsection (f)). Rendering judgment for the

employee, the court concluded that the plaintiff's decision to file suit and initially name only the city itself, not the employee, "'constitute[d] an irrevocable election . . . and immediately and forever bar[red] any suit or recovery . . . against any individual employee[']'" of the city. *Molina*, 463 S.W.3d at 871 (quoting Section 101.106(a)).

Here, Thomason filed suit and initially named only the City itself, not Barron. This decision had irrevocable consequences even if he possessed insufficient information at the time he filed suit. *See id.* Contrary to Thomason's contention on appeal, Subsection (f) never came into play because Thomason did not initially name Barron as a defendant. *See id.* at 870. Because he had already sued the City, Thomason "ha[d] no need of the window to amend his pleadings in [S]ubsection (f), which exists to allow plaintiffs to substitute the governmental unit." *Id.* (citing *Ngakoue*, 408 S.W.3d at 359). Thus, any fact questions regarding whether Barron had been acting in the course and scope of his employment at the time of the collision are irrelevant. *See id.*

"Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Thomason, cautiously or otherwise, chose to seek relief from the City. His choice constituted an irrevocable election of remedies under the TTCA, which "immediately and forever bar[red]" him from filing suit or seeking recovery against Barron. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a); *Molina*, 463 S.W.3d at 871; *Garcia*, 253 S.W.3d at 657

12

("[R]ecovery against an individual employee is barred . . . when suit is filed against the governmental unit only . . . ."); *see also Rodriguez v. Midland Cnty. Hosp. Dist.*, No. MO:18-CV-173-DC, 2020 WL 10739110, at *5 (W.D. Tex. Mar. 25, 2020) (analyzing TTCA and concluding that employee was immune from suit under Subsection (a) because plaintiff initially filed suit against only governmental unit employer). Barron is therefore immune from suit under Section 101.106(a), and the trial court erred by denying his motion to dismiss.[4]

## III. Conclusion

Having concluded that the election-of-remedies provision of the TTCA required dismissal of Thomason's claims against Barron, we reverse the trial court's order denying Barron's motion to dismiss and render judgment dismissing for want of jurisdiction Thomason's claims against Barron.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 17, 2025

---

[4]We note that the dispositive analysis of *Molina* was never brought to the attention of this court or the trial court below by either of the parties. "Nevertheless, however sympathetic we may be to the trial court's plight in this regard, we must consider all pertinent legal authorities in determining whether a misinterpretation or misapplication of the law occurred." *In re Gamble*, 676 S.W.3d 760, 782 n.15 (Tex. App.—Fort Worth 2023, orig. proceeding) (citing comment 3 (Misleading Legal Argument) to Rule 3.03(a)(4) of the Texas Disciplinary Rules of Professional Conduct and observing that counsel "should recognize [and disclose] the existence of pertinent legal authorities" to the court).

13